# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
January 8, 2002 Session

## DEMARCUS SHERIFF SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Obion County**
**No. 0-287      William B. Acree, Jr., Judge**

---

**No. W2001-01353-CCA-R3-PC - Filed March 8, 2002**

---

The Appellant, Demarcus Sheriff Smith, appeals from the dismissal of his petition for post-conviction relief. Smith pled guilty to second degree murder and aggravated assault, and received an effective seventeen and one-half-year sentence in the Department of Correction. On appeal, Smith argues that he received ineffective assistance of counsel. After review, we affirm the judgment of the Obion County Circuit Court dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Mary Ellen Stevens, Union City, Tennessee, for the Appellant, Demarcus Sheriff Smith.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Jim Cannon, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On May 2, 1999, the Appellant was riding around Union City in an automobile with Brandon Weddle, Elijah Young, Greg Deon Brown, and Marquis Jewell Brown. While riding in the automobile, the Appellant, who was in the front seat, turned around and fatally shot Marquis Jewell Brown, who was in the back seat. The Appellant also pointed his weapon at Greg Deon Brown during the evening.

On July 20, 1999, the Appellant pled guilty to second degree murder and aggravated assault. He received concurrent sentences of seventeen and one-half years for the murder conviction and five

years for the aggravated assault conviction. The Appellant's *pro se* petition for post-conviction relief was filed on August 7, 2000.[1] After counsel was appointed to assist the Appellant, an amended petition was filed on October 11, 2000. An evidentiary hearing was conducted on April 27, 2001. On May 3, 2001, the post-conviction court dismissed the Appellant's petition for post-conviction relief. This timely appeal followed.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the Appellant recites four areas of ineffectiveness:

(1) whether the trial court erred in not ruling that the Petitioner was given ineffective assistance of counsel at the preliminary hearing in that he was represented by the Honorable Steve Conley, a part-time Public Defender, who also serves as County Attorney for Obion County, Tennessee, which created a conflict of interest between Mr. Conley and the Petitioner's best interest;

(2) whether the trial court erred in not ruling that the Petitioner was given ineffective assistance of counsel in that [trial counsel] . . . failed to investigate the Petitioner's state of mind which might have allowed a capacity defense;

(3) whether the trial court erred in not ruling that the Petitioner was given ineffective assistance of counsel in that [trial counsel] had not interviewed certain witnesses, even though the Petitioner had advised him that those witnesses might be helpful to his defense; and

(4) whether the trial court erred by not ruling that the Petitioner was given ineffective assistance of counsel in that [trial counsel] did not attempt to have the Petitioner's statement to police suppressed, given [trial counsel's] knowledge that the Petitioner had been drinking heavily and using drugs within a few hours of questioning.

At this juncture we are constrained to observe that "a defendant who pleads guilty upon the advise of counsel may only [collaterally] attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in [*Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), and that] ...but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56-57, 106

---

[1]We note that the petition for post-conviction was filed more than one year after July 20, 1999, the date the Appellant pled guilty. However, the post-conviction court held an evidentiary hearing to determine if the petition was time-barred. The post-conviction court concluded that "the petition was lodged with the appropriate prison authorities within one year of the date of the convictions, and, therefore, the statute of limitations did not preclude the petitioner from bringing this petition."

S. Ct. 366, 369-70 (1985) (emphasis added) (citations omitted). The prejudice requirement of *Baxter v. Rose*, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 370. In this case, the Appellant's argument minimally, at best, suggests that the Appellant's guilty plea was induced by trial counsel's deficient performance. Nonetheless, we proceed to examine the Appellant's claims of ineffectiveness.

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the Appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370 (1985); *Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458. Upon *de novo* review, accompanied by a presumption that the post-conviction court's findings are correct, this court must determine whether the Appellant received the effective assistance of counsel.

## I. County Attorney Representation

The first issue presented by the Appellant is "whether the [post-conviction] court erred in finding that the Obion County Attorney, who is also the part-time Public Defender, who represented the [Appellant] had a conflict of interest." Specifically, he argues that,

> [d]ue to Mr. Conley's role as the County attorney for Obion County and his interaction with various departments, including the Obion County Sheriff's Department, who assisted in the apprehension of the Petitioner, the Petitioner asserts that Mr. Conley had a direct conflict between his duties as County Attorney and as Petitioner's appointed attorney.

In *State v. Jones*, 726 S.W.2d 515, 520 (Tenn. 1987), the Tennessee Supreme Court found that county attorneys were not disqualified from representing criminal defendants unless a showing was made upon an adequate factual record that an actual or perceived conflict of interest existed. *See Grooms v. State*, 1989 Tenn. Crim. App. LEXIS 230, at *2. In so holding, the Supreme Court

nullified a prior Board of Professional Responsibility Ethics Opinion, which had opined that the County Attorney is *per se* disqualified from representing a criminal defendant prosecuted by the county.[2] *See* Tenn. Bd. of Prof'l Responsibility, Formal Op. 83-F-41. In *Jones* our supreme court reasoned as follows:

> Ethics Opinion 83-F-41 is premised upon the assumption that the county attorney in every county of this State has an identical lawyer-client relationship with the sheriff and his deputies or that the mere title of county attorney creates the appearance of a conflict of interest that makes it impermissible under any circumstances for the county attorney to represent a criminal defendant. We do not agree with either hypothesis.

> The Legislature has not seen fit to create the office of county attorney as a general law applicable to all counties. Any county having a population of less than 400,000 that adopts the county manager form of government is required to have a county attorney, but there is no such requirement of other counties in the statutory law of Tennessee. *See* Title 5, Chapter 15, T.C.A. The duties of county attorneys described in the statute applicable to counties who adopt the manager form of government might or might not include representing the sheriff and his deputies. T.C.A. §§ 5-15-305. Apparently some counties do not have a county attorney. T.C.A. §§ 5-6-112 prescribes the powers and duties of county executives and provides that, "if there be no county attorney," the county executive may employ an attorney to advise him and the legislative body of the county. Additional duties are listed which apparently would not include representing the sheriff or his deputies.

> All agree that Ethics Opinion 83-F-41 clearly and unambiguously bans all county attorneys, their partners and associates in the State of Tennessee from representing a criminal defendant, if the defendant is being prosecuted by county officers. We find that to be an overbroad interpretation of the Code of Professional Responsibility. Conflicts of interest, both actual and perceived, cannot be dealt with by such sweeping blanket pronouncements. There may well be counties in this State where, upon examination by the trial judge of the lawyer-client relationship between the county attorney and the sheriff or upon examination of the perception of the community of that relationship, disqualification of the county attorney would be necessary. But, unless and until such an adjudication is made upon an adequate factual record, each appointment should be examined and a determination made

---

[2]The facts in this case establish that the prosecution of the Appellant was initiated and maintained by a municipality, *i.e.*, the city of Union City, and not by the county. Moreover, because the Appellant has failed to cite any legal authority for his "conflict of interest" argument, this issue is technically waived. *See* Tenn. R. App. P. 27. Notwithstanding these factual and procedural shortcomings, we proceed, for future instructional purposes, with an analysis of the issue.

-4-

concerning whether any actual or perceived conflict of interest exists that would prejudice the defense of the case under consideration.

*Jones*, 726 S.W.2d at 520.

The Appellant was represented by Steve Conley, the Obion County Attorney, only during the preliminary hearing phase of the proceedings. The Appellant testified at the post-conviction hearing that he had "no problems with the way that Mr. Conley conducted the hearing;" however, he was "bothered" by Conley's failure to request a reduction in the bail amount. After the preliminary hearing phase of the proceedings, the Public Defender was appointed to represent the Appellant.

The post-conviction court determined that no conflict of interest existed, finding that,

although a conflict of interest may arise when the county attorney is involved in a criminal proceeding, there is no evidence in the record that such a conflict existed in this case. The investigation in the case was conducted primarily by the Union City Police Department and not by the Sheriff's Department.

We agree with the finding of the post-conviction court because no showing was made that an actual or perceived conflict of interest existed. We further note that there is absolutely no evidence which even remotely suggests that but for trial counsel's failure to seek a bail reduction, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370. Accordingly, we conclude that this issue is without merit.

## II. Failure to Investigate

### A. Appellant's State of Mind

Second, the Appellant argues that the post-conviction court "erred in finding there was no evidence of ineffective assistance of counsel when trial counsel failed to investigate the Defendant's state of mind at the time of the commission of the crime." The post-conviction court relied upon the following findings:

[P]etitioner suggests that he was intoxicated at the time of the crime, and that trial counsel should have used this to his advantage. The record does not reflect that the petitioner was intoxicated to the extent he claims. For example, in the statement he gave to police about two hours after the crime, he was coherent and consistent throughout the statement.

After a review of the record, we conclude that the evidence does not preponderate against the findings of the post-conviction court.

The Appellant also asserts "that due to his intoxication level, a defense of diminished capacity might have been a viable defense. . . . [Trial counsel] should have taken affirmative steps to seek an evaluation of the mental capacity of the Petitioner at the time of the offense." If the claim is based on a failure to properly investigate, then the evidence or witness must be produced so that the post-conviction court judge can properly evaluate the evidence or the witness. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). This court may not speculate as to what evidence could have been proven in the absence of clear and convincing evidence. The Appellant did not produce evidence at the post-conviction hearing that a mental evaluation would have shown diminished capacity as a viable defense. Without such evidence, this issue is meritless.

## B. Failure to Interview Witnesses

Next, the Appellant contends that the post-conviction court "erred in finding no ineffective assistance of counsel when trial counsel failed to prepare a defense." Specifically, the Appellant argues that,

> he asked [trial counsel] to interview Douglas King, who was a possible favorable witness for the defense, and [trial counsel] testified at the hearing that he did not know if their office had even looked for Mr. King or not. . . . [Trial counsel's] failure to interview possible favorable witnesses in order to determine their value to the defense would show that [trial counsel] had not taken time to prepare a proper defense. . . .
>
> [Trial counsel's] testimony would show that he had not made sufficient attempts to locate witnesses that may have been valuable to the Petitioner's defense, and that [trial counsel] did not make the effort to put on a competent defense.

Our review of the record reveals that the Appellant has failed in his burden of overcoming the findings of the post-conviction court. The post-conviction court made the following pertinent findings of fact:

> Elijah Young and Brandon Weddle both gave statements to the police, and both testified at the post-conviction hearing. Both of these witnesses consistently said that the petitioner deliberately shot Marquis Jewell Brown. Greg Deon Brown did not testify at the post-conviction hearing because he could not be located. However, he gave a statement to the police and testified at the preliminary hearing. On both occasions, he said the shooting was deliberate and not an accident.

The testimony of these witnesses, had they been contacted, would not have changed the result of a jury's verdict if the Appellant had proceeded to trial.

The Appellant also asserts that trial counsel should have interviewed Douglas King because his testimony would have been favorable to the defense; "it could have been used to counter Greg Brown's testimony that [the Appellant] had a gun pulled on [Brown] before" the shooting. If the claim is based on a failure to properly investigate, then the evidence or witness must be produced

so that the post-conviction court judge can properly evaluate the evidence or the witness. *Black*, 794 S.W.2d at 757. Douglas King was not produced at the post-conviction hearing.

We agree with the post-conviction court that "trial counsel properly investigated the case." Accordingly, this issue is without merit.

### III. Suppression of Statement

The final issue presented by the Appellant is "whether the [post-conviction] court erred in finding no ineffective assistance of counsel when trial counsel failed to seek a suppression of the statement given by the Defendant when he was under the influence of alcohol and drugs." The relevant facts, as summarized by the post-conviction court, follow, "[s]hortly after the victim was shot, the petitioner gave a lengthy statement to the police. The record reflects the petitioner was mirandized before he gave his statement. The petitioner contended throughout the statement that the shooting was an accident which was consistent with his testimony at the post-conviction hearing."

At the post-conviction hearing, trial counsel testified that, in his opinion, he would not have wanted to suppress the statement made to Sergeant Mike George of the Union City Police Department because the statement was a "gold mine" since it was consistent with an accidental shooting defense. Sergeant George testified at trial that the Appellant was mirandized before he gave his inculpatory statement. The Appellant also signed an "Admonition and Waiver" of rights form. Moreover, as we have previously noted, conflicting evidence exists as to the Appellant's level of intoxication at the time of commission of the offense.

After hearing the testimony of witnesses at the evidentiary hearing, the post-conviction court found that there was no basis for suppressing the statement in the Appellant's case, stating that,

> [t]he petitioner's trial counsel testified at the evidentiary hearing that the statement was helpful to him, and that had they gone to trial, he would have put this statement into evidence because throughout the statement, the petitioner contended that the killing was an accident. The trial counsel stated that he did not think the statement would be suppressed anyway because there was nothing improper about the manner in which it was taken. The Court agrees that there was no basis for suppressing the statement. Furthermore, trial counsel's plan to use the statement if the case had gone to trial was trial strategy.

After a review of the record, we find that the post-conviction court obviously credited the testimony of trial counsel that the facts and circumstances in the Appellant's case simply did not raise a suppression issue. Because we do not revisit the issue of credibility on appeal, we defer to the post-conviction court's ruling in that regard. *Black*, 794 S.W.2d at 755. Moreover, we are compelled to note that allegations of ineffective assistance of counsel relating to matters of trial strategy or tactics rarely provide a basis for post-conviction relief. Counsel must be provided some discretion in

conducting the defense and is entitled to use his best judgment in matters of trial strategy or tactics. *Taylor v. State*, 814 S.W.2d 374, 378 (Tenn. Crim. App. 1991) (citing *McBee v. State*, 655 S.W.2d 191, 193 (Tenn. Crim. App. 1983)). In sum, the Appellant has failed to show ineffective assistance of counsel.

## CONCLUSION

Based upon the foregoing, we conclude that the Appellant received the effective assistance of counsel. The post-conviction court properly dismissed the Appellant's petition for post-conviction relief. Accordingly, the judgment of the Obion County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE