IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


SAMMIE LEE TAYLOR v. STATE OF TENNESSEE


Direct Appeal from the Criminal Court for Shelby County
No. P-19190, W. Fred Axley, Trial Judge


No. W1999-00977-CCA-R3-PC - Decided May 26, 2000


The appellant, Sammie Lee Taylor, appeals the denial of his petition for post-conviction relief. In 1994, he was convicted by a Shelby County jury of felony murder, especially aggravated kidnapping, especially aggravated robbery and aggravated sexual battery. In this direct appeal, he collaterally attacks his convictions upon grounds of ineffective assistance of trial counsel and that the post-conviction court erred in denying his motion for funds for expert services at the post-conviction level. We affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Criminal Court Affirmed.**

GLENN, J., delivered the opinion of the court, in which WELLES and HAYES, J.J., joined.

Charles Brent Walker, Germantown, Tennessee, attorney for Appellant, Sammie Lee Taylor

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, J. Ross Dyer, Assistant Attorney General, William L. Gibbons, District Attorney General, and John Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

This appeal presents the post-conviction claim of ineffective assistance of counsel and the right to expert services in a non-capital post-conviction proceeding. In 1994, a Shelby County jury found the appellant, Sammie Lee Taylor, Jr., guilty of felony murder, especially aggravated kidnapping, especially aggravated robbery, and aggravated sexual battery. An effective sentence of life without the possibility of parole plus sixty-two years was imposed by the trial court. His convictions and sentences were affirmed by this court on direct appeal.[1] On November 26, 1997,

---

[1]See State v. Sammie Lee Taylor, No.02C01-9501-CR-00029 (Tenn. Crim. App., Jackson, Oct. 10, 1996), perm. to appeal denied, (Tenn. Mar. 3, 1997).

the appellant filed the instant post-conviction petition alleging that he was denied the effective assistance of trial counsel.[2] The post-conviction court denied relief. The appellant now appeals the lower court's denial. After review, we affirm.

## FACTUAL BACKGROUND

The appellant's convictions stem from his direct participation in the abduction and brutal murder of a twenty-three year old Memphis nursing student. On July 7, 1993, the sixteen year old appellant and an accomplice approached the victim outside her Mud Island apartment, forcing her into the trunk of her vehicle. The appellant drove the victim's vehicle to a location where he and his accomplice were joined by three other co-defendants. The appellant and the four co-defendants then drove the victim's vehicle to an isolated area in the county where she was severely beaten, sexually assaulted, robbed, and then run over by her own vehicle. Her body was then dragged to the side of a bridge and thrown over.

## I. Ineffective Assistance of Counsel

The appellant's ineffective assistance of counsel claim is based upon the following grounds: (1) trial counsel's failure to request a change of venue; (2) trial counsel's failure to present psychological expert testimony at the sentencing phase of the trial; (3) juvenile defender counsel's failure to raise all legal and factual issues, failure to object to improperly seated judge, and failure to object to or rebut opinion testimony of psychological examiner; and (4) trial counsel's failure to pursue DNA testing. Initially, we note that the appellant's challenges regarding his juvenile court transfer and the effectiveness of counsel at the juvenile proceedings have been previously determined by this court on direct appeal. See State v. Sammie Lee Taylor, No. 02C01-9501-CR-00029. An issue that has been previously determined on direct appeal cannot support a petition for post-conviction relief and is, therefore, excluded. See Tenn. Code Ann. § 40-30-206(h) (1997); see also State v. Denton, 938 S.W.2d 373, 377 (Tenn. 1996); House v. State, 911 S.W.2d 705, 710 (Tenn. 1995), cert. denied, 517 U.S. 1193, 116 S.Ct. 1685 (1996).

### A. Standard for Determining Ineffective Assistance of Counsel

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); see also Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S.Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn.1989).

---

[2]An amended petition was filed on February 13, 1998.

In  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn.1975), our supreme court determined that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases.  On post-conviction review, there is a strong presumption of satisfactory representation. Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995).   Moreover, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn.1982).

A trial court's findings of fact in a post-conviction hearing are conclusive on appeal unless the evidence in the record preponderates against those findings.  See  Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170 (1979).  Notwithstanding this general rule, in State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999), our supreme court held that "[c]ases that involve mixed questions of law and fact are subject to *de novo* review." (citing Harries v. State, 958 S.W.2d 799, 802 (Tenn. Crim. App. 1997)).   Specifically, the supreme court determined that issues involving alleged deficient performance of counsel and possible prejudice to the defense are mixed questions of law and fact. See  Burns, 6.S.W.3d at 461.  Although we perform a *de novo* review of the issue, the appellant must still establish his or her allegations by clear and convincing evidence. See  Tenn. Code Ann. § 40-30-210(f) (1997).

### 1.  Failure to Request A Change of Venue

The appellant contends that trial counsel was ineffective for failing to request a change of venue.  At the post-conviction hearing, the appellant testified that trial counsel never discussed "moving the case out of Shelby County" although counsel did discuss the case's publicity.  Nonetheless, the appellant conceded that "[t]he town it wouldn't matter.  Anywhere in Tennessee I was going to lose.  I was the first juvenile in this whole state to get all this time.  I got all type of evidence. Pre-trial-publicity.  The judge showing his bias."

In response to the appellant's allegation, counsel asserted that he did consider filing such motion, although no motion was ever filed.  Trial counsel conceded that pre-trial publicity was fairly extensive.  He explained, however, that the four co-defendants had moved for a change of venue and counsel was present to hear their respective arguments.  The co-defendants' motions for a change of venue were denied.  He further testified that he did not file the motion because he wanted a severance from the co-defendants and, if the co-defendants' motions had been granted, the appellant would have been tried separately.  Additionally, after considering the nature of the case, trial counsel reasoned that

> [his] client would be better off in Shelby County, certainly as opposed to a rural area
> in Tennessee.  And, even if we would be shipped to Nashville. . .I think a black/white
> issue was an important issue in this case.  We had nothing but black defendants and
> a white victim.  The area where it happened was a rather nice area of town . . .and I

thought it was a black/white issue and our chances of getting more blacks on the jury, I thought, were greater here in Shelby County.

No proof was presented at the post-conviction hearing to establish that pretrial publicity in any way impaired the appellant's ability to obtain a fair and impartial jury. Unsupported allegations by a petitioner will not suffice to establish prejudice. Dobbert v. Florida, 432 U.S. 282, 303, 97 S.Ct. 2290, 2303 (1977); State v. Kyger, 787 S.W.2d 13, 19 (Tenn. Crim. App. 1989). Nor will prejudice be presumed on the mere showing that there was considerable pre-trial publicity. Dobbert, 432 U.S. at 303, 97 S.Ct. at 2303. Moreover, the post-conviction court found that counsel's decision not to seek a change of venue was a strategic decision. We agree. "Allegations of ineffective assistance of counsel relating to matters of trial strategy or tactics do not provide a basis for post-conviction relief." Taylor v. State, 814 S.W.2d 374, 378 (Tenn. Crim. App.1991). Accordingly, the appellant has failed to prove his allegation by clear and convincing evidence. This issue is without merit.

### 2. Failure to Present Psychological Expert During Sentencing Phase

Next, the appellant complains that counsel failed to request psychological testing and as a result the appellant was deprived of the opportunity to present mitigating evidence at his sentencing hearing. At the post-conviction hearing, the appellant admitted that he had never been diagnosed with or treated for a mental illness. Nonetheless, he stated "Me being in prison, I believe I am kind of mentally ill." He explained that "[m]y mental problem is being around a lot of pretenders." He further stated that "[he] don't need no psychologist" to testify about some kind of problem that he may have.

Trial counsel testified that he retained a trial consultant to aid in preparation of the penalty phase. He worked with the trial consultant in gathering mitigating proof. Specifically, trial counsel recalled meeting with the appellant's family and that the trial consultant had "lined up a number of witnesses . . . including . . . a former teacher, a former park ranger. . .we put on . . . a lot at the mitigation stage of the proceeding." Counsel testified that all mitigating witnesses were presented except for one, the appellant, who refused to testify. He stated that the appellant was examined by clinical psychologist, John Hutson, a month prior to the trial. Counsel decided not to present Dr. Hutson's testimony because "[Hutson] said there was nothing positive he could say. . . .[H]e called me back after he interviewed the defendant and I asked him if there was anything good that he could say. . . . There was dead silence for about fifteen to twenty seconds and then he said, well, he's young."

The appellant admitted at the post-conviction hearing that he does not suffer any mental impairments. The appellant was examined by a reputable psychologist who could not find any significant "mitigating" evidence other than the appellant's youth. The proof is undisputed that the only mitigating evidence not presented by trial counsel was the testimony of the appellant, who

refused to take the stand. When an appellant contends that trial counsel failed to locate potential witnesses in support of his defense, he bears the burden of presenting these witnesses at the post-conviction evidentiary hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). If the appellant fails to present such witnesses, he fails to establish the prejudice prong mandated by Strickland v. Washington, *supra.* Black, 794 S.W.2d at 758. We conclude that the appellant has failed to establish this allegation of ineffectiveness by clear and convincing evidence. This issue is without merit.

### 3. Failure to Request DNA Testing

Finally, the appellant asserts that trial counsel was ineffective for failing to pursue any form of independent DNA testing in order to scientifically bolster an argument to the jury that the appellant did not commit any type of sexual assault against the victim. Regarding the appellant's claim that counsel was ineffective for failing to order DNA tests, trial counsel responded that, ". . . as I recall there was nothing found on the victim that would have been there to test."

The appellant maintains that the DNA testing was necessary to prove that he was not guilty of the aggravated sexual battery of the victim. On direct appeal, this court found the evidence sufficient beyond a reasonable doubt to support the appellant's conviction for sexual battery based upon a theory of criminal responsibility. See State v. Sammie Lee Taylor, No. 02C01-9501-CR-00029 ("based on the appellant's participation in the events leading up to and following the sexual battery of Ms. Wilburn, . . . any rational trier of fact could have found that the appellant 'acted with the intent to promote or assist in the commission' of aggravated sexual battery"). "[E]ven though he may not have had sexual contact with Ms. Wilburn, based upon his conduct and culpability, he is criminally responsible." Id. Accordingly, DNA testing was not necessary to prove or disprove the appellant's criminal liability for the aggravated sexual battery upon the victim. Moreover, as the post-conviction court properly found, "there was not any semen or any material to perform a serological DNA test." Thus, trial counsel was not deficient in failing to request independent DNA testing. We conclude that the appellant has failed to meet his burden of establishing this allegation of counsel's ineffectiveness by clear and convincing evidence. This issue is, likewise, without merit.

After reviewing the appellant's allegations *de novo*, we conclude that the appellant has failed to show, by clear and convincing evidence, that he was denied the effective assistance of counsel. In doing so, we reiterate the findings of the post-conviction court:

> This Court finds that counsel not only rendered competent assistance to Petitioner within the range required by Baxter v. Rose, but that counsel provided Petitioner with an outstanding representation at trial and on appeal. . . . This court finds that the Petitioner asserts relief based on the fact that he was unsuccessful at trial. His attorney counseled Petitioner that his only defense was very risky and Petitioner chose to go to trial regardless. Petitioner's attorney also counseled him to testify at his sentencing hearing in order to show the jury remorse. Petitioner also chose not to heed his attorney's advice and refused to testify. At trial, Mr. Quinn put on a very zealous and vigorous defense and at the sentencing phase he utilized experts afforded

-5-

by the court.  All these devices were used for the Petitioner's benefit.  Just because Petitioner lost his case is not a basis to find outstanding attorneys ineffective.  The Eighth Circuit in Robinson v. United States, stated in pertinent part, "Hindsight can always be utilized by those not in the fray so as to cast doubt on trial tactics a lawyer has used."  488 F.2d 1255, 1256 (8th Cir. 1971).

Accordingly, relief based upon ineffective assistance of trial counsel is denied.


## II.  Expert Services for Non-capital Indigent Post-Conviction Petitioner

The appellant filed a motion with the post-conviction court requesting funds (1) to hire an investigator and a psychological expert and (2) to conduct a demographic survey of Shelby County. The motion was denied by the court.  He asserts that "the expert would be of material assistance in the establishment of his defense theory."  The appellant now contends that the denial of the funds by the post-conviction court is unconstitutional, in violation of the Equal Protection and Due Process Clauses of the Tennessee Constitution, Art. I, § 8 and the Fourteenth Amendment of the United States Constitution.

Our supreme court has previously addressed the appellant's claim, holding that "the state is not required to provide expert assistance to indigent non-capital post-conviction petitioners." Davis v. State, 912 S.W.2d 689, 696-697 (Tenn. 1995).  In Davis, the court noted that, in this state, there is no rule or statute that entitles a non-capital post-conviction petitioner state funded expert assistance.  Id. at 695.  In denying the funding of experts, the court observed the distinction between providing indigent defendants the basic tools of an adequate defense at trial and on direct appeal as opposed to those at the post-conviction level.  Consistent with previous analyses of this distinction, our supreme court reiterated:

> [a] direct appeal is the primary avenue for review of a conviction and sentence.  Once the process goes beyond the trial and direct appeal as of right stage, the state has no duty to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction.

Id. at 696 (citing Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391 (1983); Ross v. Moffitt, 417 U.S. 600, 616, 94 S.Ct. 2437, 247 (1974)).  In accordance with our supreme court's decision in Davis, this issue is without merit.

For the foregoing reasons, we affirm the trial court's dismissal of the appellant's petition for post-conviction relief.