IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 13, 2003

## FRANK CRITTENDEN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 94-B-1014     J. Randall Wyatt, Jr., Judge**

---

**No. M2002-01856-CCA-R3-PC - Filed November 20, 2003**

---

The Appellant, Frank Crittenden, appeals the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. Crittenden pled guilty to eight counts of aggravated rape and, following a sentencing hearing, received an effective one-hundred-year sentence in the Department of Correction. On appeal, the single issue presented for our review is whether Crittenden was denied the effective assistance of counsel. Following a review of the record, we affirm the judgment of the post-conviction court dismissing the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Michael A. Colavecchio, Easterly & Associates, Nashville, Tennessee, for the Appellant, Frank Crittenden.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Phil Wehby, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The facts, as developed on direct appeal, established that:

The [Appellant] sexually abused his daughter from the time she was four years old until the time she was twelve or thirteen years old. The [Appellant] performed various sex acts on his minor daughter, and she routinely performed oral sex on him. In addition to this pervasive abuse, the victim was also photographed by the

[Appellant]. These photographs contained shocking depictions of sexual acts between the [Appellant] and the victim, and displayed the minor in offensive and provocative nude poses. The [Appellant] admitted that these pictures were taken for pornographic purposes.

*State v. Frank Crittenden*, No. M1998-00485-CCA-R3-CD (Tenn. Crim. App. at Nashville, Dec. 17, 1999), *perm. to appeal denied*, (Tenn. 2000). On May 24, 1994, a Davidson County grand jury indicted the Appellant for twenty counts of aggravated rape, eight counts of aggravated sexual battery, two counts of sexual battery, five counts of rape, and one count of sexual exploitation of a minor. Pursuant to a negotiated plea agreement, the Appellant entered an "open plea" to eight counts of aggravated rape. Following a sentencing hearing, the trial court sentenced the Appellant to one-hundred years in prison. The Appellant's sentence was affirmed on direct appeal. *See id.*

The Appellant subsequently filed a petition for post-conviction relief, and a hearing was held on May 8, 2002. The post-conviction court dismissed the petition, finding that the Appellant had not met his burden of proof. It is from this determination that the Appellant now appeals.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997). Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)). In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court held, "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. at 31, 91 S. Ct. at 164.

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the Appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under

a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

The Appellant's claims of ineffectiveness of counsel, as set forth in his petition, stem from the following allegations: Trial counsel

(1) failed to explore the effects to judgment of two (2) incidents of trauma suffered by the Appellant when the Appellant was young;

(2) failed to give the Appellant copies of the evidence against him;

(3) inaccurately advised the Appellant that the Appellant was facing ten (10) life sentences as potential punishment in this case;

(4) failed to advise the Appellant of the result of any interview conducted with any witness the trial court attorney had interviewed;

(5) withheld the Appellant's glasses from the Appellant at the plea hearing;

(6) failed to make certain the Appellant could hear all of the questions being asked of him at the plea hearing, and hear all of the testimony at the sentencing hearing;

(7) advised the Appellant's sister, Ms. Venda Schmid, that her presence at the Appellant's sentencing hearing would not be of any benefit to the Appellant;

(8) failed to correct the incorrect statements in the pre-sentence report utilized by the trial court to sentence the Appellant;

(9) failed to file a 'Notice of Mitigating Factors' in this case;

(10) failed to object to irrelevant testimony presented against the Appellant at the Appellant's sentencing hearing;

(11) failed to question the competency of Ms. Kathy Pensinger as an expert when the State failed to establish her credentials as an expert in the area of mental health, and additionally failed to object to the State's assertion of her as an expert;

(12) presented the Appellant with documents to sign, indicating that they would be filed with the trial court, after he had withdrawn from the Appellant's case;

(13) failed to sign the Appellant's 'Waiver of Appeal;' and

(14) failed to bring to the Court's attention that the detective who had arrested the Appellant was allowed to escort the Appellant to the restroom while the Appellant was in custody behind the court room, and that the detective told the Appellant that it would be in the best interest of the Appellant to accept the plea agreement.

We proceed to examine the Appellant's claims in turn.

First, the Appellant contends that trial counsel "failed to explore the effects to judgment of two (2) incidents of trauma suffered by the Appellant when the Appellant was young." Further, he submits that "the effect of these two (2) traumatic childhood accidents caused [him] to be discharged from the military for mental instabilities." The record indicates that, prior to the plea hearing, trial counsel filed a motion for a competency evaluation, which was granted. After completion of the evaluation, it was determined that the Appellant was competent to stand trial, could defend himself in a court of law, understood the legal process, understood the charges pending against him and the consequences that could follow, could advise counsel, and participate in his own defense. Trial counsel introduced the Appellant's military records at the sentencing hearing and argued that the trial court should mitigate the Appellant's sentence based upon information contained in the records. At the post-conviction hearing, trial counsel testified that nothing in the mental evaluations or other mental records supported a defense based upon an established mental disability. We conclude that the Appellant has failed to prove that trial counsel's performance was deficient in this regard.

Second, the Appellant argues that trial counsel "failed to give the Appellant evidence against him." It is unclear from the Appellant's brief as to what evidence he contends was withheld. After a review of the post-conviction hearing, it appears that the Appellant is referring to computer disks, a notebook, and VCR tapes taken from his residence. The Appellant also makes the broad assertion that trial counsel did not review discovery material with him. Trial counsel characterized the discovery process as follows:

It was open discovery. I went down a couple of times and met with the General. I went to Detective Meek's office twice and met with Detective Meek. Their discovery was totally open. I got copies of photographs. I presented those to the [Appellant]. We discussed lots of different things. I remember the meetings. I remember certain things that weren't introduced at the hearings that were worse than some of the evidence that was actually admitted. . . .

. . .

They had – they had a few more things, notes that [the Appellant] made about penetration to his daughter, the amount that he was able to get in each time, that sort of thing. . . . The photos, the confession and those sorts of things were enough, but there were computer notes and different things. [The Appellant] is correct, the State

did have several things off his computer that one of the specialists . . . that I met with – Bob White[.] . . . And I met with him and Harry Meek and they gave me full access to everything.

Trial counsel stated that the State informed him that it did not intend to use this evidence against the Appellant. Also, trial counsel testified that he reviewed the evidence "extensively" with the Appellant. The post-conviction court obviously credited the testimony of trial counsel. Because we do not revisit the issue of credibility on appeal, we defer to the post-conviction court's ruling in that regard. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Moreover, when a petitioner contends that trial counsel failed to investigate or present a witness in support of his defense, the Appellant should present that evidence or witness at the evidentiary hearing. *Id.* at 757. The Appellant failed to produce any evidence at the hearing. Absent any evidence from the Appellant to preponderate otherwise, we find that trial counsel's performance, with respect to this claim, was not deficient and did not affect the Appellant's decision to plead guilty.

Third, the Appellant asserts that trial counsel "inaccurately advised [him] that [he] was facing ten (10) life sentences as potential punishment in this case." The Appellant signed a document, which stated that he refused the State's offer of one-hundred years in exchange for his guilty pleas. Within this document, the following language appeared, "The 36 indictments against me carry at least 10 life sentences and a total of around 300 years for the other charges." At the post-conviction hearing, trial counsel explained, "Basically, I guess, the – the range that would be available to the Judge when he sentenced [the Appellant] was the equivalent to the rest of his life." Even assuming for argument's sake that trial counsel was deficient by inserting this language, we fail to see how, but for this failure alone, the Appellant "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370.

Fourth, the Appellant argues that trial counsel "failed to advise [him] of the result of any interview conducted with any witness the trial court attorney had interviewed." At the post-conviction hearing, trial counsel testified to the following:

Q. Okay. Which of the witnesses in this case had you interviewed prior to - prior to the plea?

. . .

A. Well, Harry Meek, I talked to quite a bit. Janice Crittenden, I talked to quite a bit. Mr. Crittenden's sister, I talked with. I wrote a letter to Robin asking her to come forward and meet with me.

Q. And did you ever talk with her?

A. No, I didn't.

-5-

Again, we note that trial counsel testified that he reviewed the evidence "extensively" with the Appellant. The post-conviction court obviously credited the testimony of trial counsel. Because we do not revisit the issue of credibility on appeal, we defer to the post-conviction court's ruling in that regard. *Black,* 794 S.W.2d at 755. Furthermore, it is the Appellant's duty to present evidence or witnesses at the evidentiary hearing to support his claim. *Id.* at 757. The Appellant did not produce any witness at the post-conviction hearing to support his theories. After review of this issue, we find that the Appellant has failed to carry his burden of establishing his claim of deficient representation or prejudice by clear and convincing evidence.

Fifth, the Appellant asserts that trial counsel "withheld [his] glasses from [him] at the plea hearing." Specifically, he argues that he was unable to read the plea agreement without his glasses and that trial counsel did not sufficiently review the plea agreement with him; therefore, he did not understand the nature of his plea. The Appellant's wife testified that she gave a pair of the Appellant's glasses to trial counsel before the Appellant pled guilty, but trial counsel never gave them to the Appellant. Trial counsel testified, at the post-conviction hearing, that "[n]ot only did I go over it with him, I read it to him, word for word, because his glasses were broken." Furthermore, the record reflects that, during the plea hearing, trial counsel informed the court that the Appellant had broken his glasses. Trial counsel stated that he read "every word" to the Appellant. The trial court asked the Appellant, "Is that true, Mr. Crittenden?," to which the Appellant responded affirmatively. Therefore, we find that the Appellant has failed to prove that trial counsel's performance was deficient as alleged.

Sixth, the Appellant argues that trial counsel "failed to make certain the Appellant could hear all of the questions being asked of him at the plea hearing, and hear all of the testimony at the sentencing hearing." In his brief, the Appellant contends that, "[d]uring the plea hearing, [he] was unable to hear everything the trial judge was explaining to, and asking of, [him], due to the courtroom being under some renovations which were being conducted while the plea hearing was actually in progress, and due to the PA system being inoperative during the plea hearing." However, the record indicates that this occurred at the sentencing hearing not the plea submission hearing. There is no evidence in the record that the Appellant could not hear the questions posed by the trial court during the plea hearing. Additionally, during the sentencing hearing, trial counsel informed the court that the Appellant was unable to hear the witness' testimony, and the witness was requested to speak louder. Accordingly, we find that trial counsel's performance was not deficient.

Seventh, the Appellant contends that he received ineffective assistance when trial counsel "advised the Appellant's sister, Ms. Venda Schmid, that her presence at the Appellant's sentencing hearing would not be of any benefit to the Appellant." Trial counsel testified that he did not say that to Ms. Schmid and that "[s]he was always welcome. . . . I never told her not to come back here, ever." Furthermore, the record reflects that the Appellant requested Ms. Schmid to write a letter to the trial court. Ms. Schmid complied, and the letter was read and considered by the trial court in fashioning the Appellant's sentence. After review of this issue, we find that the Appellant has failed to carry his burden of establishing his claim of deficient representation or prejudice by clear and convincing evidence.

-6-

Eighth, the Appellant argues that trial counsel "failed to correct the incorrect statements in the pre-sentence report utilized by the trial court to sentence the Appellant." Specifically, the Appellant contends, "The [his] pre-sentence report indicated that [he] was not working at the time he was incarcerated, yet he had actually worked right up until the day he was incarcerated. . . . The pre-sentence report also incorrectly indicated that the Appellant possessed an extensive criminal history. . . ." At the sentencing hearing, the Appellant testified, "I was working until the day I came in here." Thus, the trial court was aware that he was employed immediately prior to his incarceration.[1] Also, the Appellant argues that the pre-sentence report "indicated that the Appellant possessed an extensive criminal history," however, the trial court explicitly found that the Appellant did not have a previous criminal record. The Appellant also appears to contend that he was not permitted to make a statement at the sentencing hearing. However, the Appellant testified extensively at the hearing. We conclude that the Appellant has failed to prove that trial counsel's performance, regarding these allegations, was deficient.

Ninth, the Appellant submits that trial counsel was ineffective for failing to "file a 'Notice of Mitigating Factors' in this case." While this notice may not have been filed, at the sentencing hearing, trial counsel argued the following mitigating factors: the Appellant did not have a criminal history, the victim did not suffer serious bodily injury, the victim was doing well in school, there were indications of child abuse suffered by the Appellant, and there were indications of mental illness. This argument was presented to the trial court despite the fact that a notice was not filed. We find that the Appellant has failed to carry his burden of establishing this claim of deficient representation or prejudice by clear and convincing evidence.

Tenth, the Appellant argues that trial counsel "failed to object to irrelevant testimony presented against the Appellant at the Appellant's sentencing hearing." Trial counsel elicited testimony from Detective Meek concerning the Appellant's knowledge of other incidents of abuse between the victim and other individuals. Counsel sought this information in effort to show that the Appellant cooperated with the police during their investigation. While the trial court, justifiably, asked additional questions concerning these incidents, they were not used against the Appellant in fashioning his sentence. Counsel has some discretion in conducting the defense and is entitled to use his best judgment in matters of trial strategy or tactics. *Taylor v. State*, 814 S.W.2d 374, 378 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1991) (citing *McBee v. State*, 655 S.W.2d 191, 193 (Tenn. Crim. App. 1983)). Additionally, because the Appellant has failed to show that he was prejudiced, we conclude that this issue is without merit.

Eleventh, the Appellant contends that trial counsel "failed to question the competency of Ms. Kathy Pensinger as an expert when the State failed to establish her credentials as an expert in the

---

[1]The Appellant also seems to contend that this misinformation affects his classification status in prison. Even if this is true, this is an administrative issue within the Department of Correction, and is not reviewable within an ineffective assistance claim. Generally, once a prisoner is in the custody of the Department of Correction, an agency of the state government, classification status is addressable only through the avenues of the Administrative Procedures Act. Tenn. Code Ann. §§ 4-5-10 to -324 (1998). That is the proper avenue for relief. *See Finlaw v. State*, No. 03C01-9212-CR-00448 (Tenn. Crim. App. at Knoxville, Aug. 13, 1993).

area of mental health, and additionally failed to object to the State's assertion of her as an expert." On direct appeal, the following facts were developed concerning this witness' testimony:

> At the sentencing hearing, the State presented evidence from the victim's child psychologist, who stated that the victim had been diagnosed with post-traumatic stress disorder. The witness indicated that the victim was having difficulty dealing with the legacy of the extensive and unspeakable abuse inflicted upon her by the defendant, her father. The witness indicated that the victim suffered emotional outbursts in which she breaks things, hits others and shouts for long periods of time. In addition, the victim suffers from anxiety attacks and has difficulty forming relationships. It is the opinion of her psychologist that she will need lifelong counseling.

*Frank Crittenden*, No. M1998-00485-CCA-R3-CD. It is the Appellant's obligation to establish that any challenge to the witness' competency to testify as an expert would have been meritorious. The Appellant has failed to meet this obligation and, indeed, the qualifications of the witness would indicate to the contrary. Moreover, even assuming for argument's sake that trial counsel was deficient by failing to object when the witness was not tendered as an expert, we fail to see how, but for this failure alone, the Appellant "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370. This issue is without merit.

Twelfth, the Appellant argues that trial counsel "presented [him] with documents to sign, indicating that they would be filed with the trial court, after [trial counsel] had withdrawn from the Appellant's case." The particular document to which the Appellant refers is the 'Waiver of Appeal,' which states, "I am aware that I can Appeal the length, range, manner of service and consecutive sentence in my case and have it reviewed by the appellate court. I hereby waive my right to a review of sentencing." The Appellant submits that, because trial counsel withdrew from his case after the sentencing hearing was concluded, he received ineffective assistance when trial counsel presented this document to him. However, the Appellant was subsequently permitted to appeal his sentence. *See Frank Crittenden*, No. M1998-00485-CCA-R3-CD. Because the Appellant has failed to show any prejudice, this issue is without merit.

Thirteenth, trial counsel did not sign the 'Wavier of Appeal,' and the Appellant contends that this failure also resulted in ineffective assistance of counsel. While trial counsel did not sign the 'Waiver of Appeal,' we fail to see how, but for this failure alone, the Appellant "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370.

Finally, the Appellant contends that trial counsel "failed to bring to the Court's attention that the detective who had arrested the Appellant was allowed to escort the Appellant to the restroom while the Appellant was in custody behind the court room, and that the detective told the Appellant that it would be in the best interest of the Appellant to accept the plea agreement." The Appellant submits that he informed trial counsel of this incident; however, at the post-conviction hearing, trial

counsel testified that "today was the first I heard of this."  The post-conviction court obviously credited the testimony of trial counsel.  Because we do not revisit the issue of credibility on appeal, we defer to the post-conviction court's ruling in that regard.  *Black*, 794 S.W.2d at 755.  Also, we again note that we  fail to see how, but for this failure alone, the Appellant "would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370.

## CONCLUSION

Based upon the foregoing, we conclude that the post-conviction court did not err in ruling that the Appellant received the effective assistance of counsel.  Accordingly, the judgment of the post-conviction court is affirmed.

_____
DAVID G. HAYES, JUDGE