James Edward TAYLOR, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 6, 1991.

Permission to Appeal Denied by Supreme Court June 10, 1991.

Joe H. Byrd, Jr., Jackson, for appellant.

Charles W. Burson, Atty. Gen., Joel W. Perry, Asst. Atty. Gen., Nashville, James G. Woodall, Dist. Atty. Gen., M. Leigh Grinalds, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

BIRCH, Judge.

James E. Taylor currently serves a sentence of life imprisonment based upon a jury finding of habitual criminality. These proceedings occurred in January 1985; the conviction and sentence were affirmed on direct appeal.[1]

In January 1987, Taylor filed a *pro se* petition for post-conviction relief in which he alleged, among other things,[2] that the pleas of guilty which provided the basis for

---

1. *State v. Taylor,* No. 32 (Tenn.Crim.App. at Jackson filed Oct. 16, 1985).

2. We deem two grounds for relief waived because they were not argued in the brief: (1) the existence of systematic exclusion of blacks from serving as foreperson and members of the Madison County Grand Jury, and (2) the existence of systematic exclusion of persons between the ages of eighteen to twenty-five from service on petit juries in Madison County. R.Ct.Crim.App. 10(b).

the findings of habitual criminality had not been entered intelligently and voluntarily and were, therefore, void.

The trial court appointed counsel to represent Taylor, and four additional petitions for post-conviction relief were filed. The five petitions were consolidated, and following an evidentiary hearing, the trial court denied relief. We have considered Taylor's appeal of right from that denial and find that the judgment of the trial court must be affirmed for reasons we have set forth below.

## I

Two of the pleas in question were entered after the United States Supreme Court's decision in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), but before our supreme court decided *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *Mackey*, we have held, is not to be retrospectively applied. *State v. Wallace*, 604 S.W.2d 890 (Tenn.Crim.App.1980).

To determine the constitutional validity of a guilty plea, the United States Supreme Court stated in *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970), that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." We of this court have used the *Alford* standard to test the validity of guilty pleas. *Sherrod v. State*, 567 S.W.2d 482 (Tenn.Crim.App.1978).

The *Boykin* court states:

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan* 378 U.S. 1, 12 L.Ed.2d 653, 84 S.Ct. 1489. Second, is the right to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145, 20 L.Ed.2d 491, 88 S.Ct. 1444. Third, is the right to confront one's accusers. *Pointer v. Texas*, 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065. We cannot presume a waiver of these three important federal rights from a silent record.

*Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712.

■ Thus, *Boykin* requires that the record of the guilty plea proceeding affirmatively show that "the defendant voluntarily and understandingly entered his plea of guilty." But failure of the trial judge to articulate a precise litany of *Boykin* rights does not, as a matter of law, invalidate the judgment on constitutional grounds. *Armstrong v. Egeler*, 563 F.2d 796 (6th Cir. 1977). To put it another way, "[s]pecific judicial incantations of constitutional rights is [sic] not the litmus test under" the Constitution or *Boykin*. *United States v. Gearin*, 496 F.2d 691, 696 (5th Cir.1974).

## II

We will consider first those guilty pleas entered before *Mackey* was decided. On September 12, 1969, Taylor pleaded guilty to one count of third-degree burglary and was sentenced to not less than three years nor more than four years. He was represented on this occasion by David R. Farmer and Lewis Taylor, then members of the Jackson–Madison County Bar. The plea in this case was accepted by the Honorable Andrew T. Taylor, Judge of the Circuit Court of Madison County, since deceased. At the hearing, Taylor was unable to recall sufficient information about the entry of the plea in this case to shed any light on its voluntariness.

The second plea in question, entered September 16, 1971, was to the offense of grand larceny and was also accepted by Judge Taylor. As was the case with the first plea, no verbatim transcript of the proceedings was available for the hearing. Taylor testified as to this plea that the trial judge did not advise him of his right to jury trial, to confront witnesses, or of his privilege against compelled self-incrimination. The post-conviction judge found James Taylor's testimony in this regard incredible.

As to both cases, the post-conviction judge found that Taylor had failed to carry his evidentiary burden of proving his allegations by a preponderance of the evi-

dence. *State v. Lee*, 634 S.W.2d 645 (Tenn. Crim.App.1982). From our examination of the record, we find this ruling to be correct.

### III

The next guilty plea Taylor questions was entered in January 1982 to the offense of attempt to commit a felony. In this case he was represented by Stafford Hagwood, a member of the Jackson–Madison County Bar. Taylor, testifying about this plea, admitted that all of his rights were thoroughly explained to him and that he fully understood them. We take this admission as tantamount to abandonment of his appellate issue that this plea was not voluntarily entered; further discussion is unnecessary.

### IV

In June 1982, Taylor pleaded guilty to five counts of third-degree burglary. He was represented on this occasion by Patrick Martin, a member of the Jackson–Madison County Bar. The proceedings were conducted by the Honorable Gene Walker, Judge of the Circuit Court of Madison County, who has since retired.

Taylor asserted that these pleas were not voluntarily entered, and to support this assertion, he testified that none of his rights under *Boykin* or *Mackey* were explained to him.

To refute Taylor's testimony, the state called Judge Walker as its witness. Judge Walker testified that his habit was always to inform an accused of his constitutional rights under *Boykin* and to comply with *Mackey* and Tenn.R.Crim.P. 11 before accepting a plea of guilty. Additionally, the state introduced transcripts of three unrelated guilty plea proceedings in which Judge Walker advised an accused of his relevant constitutional rights.

Taylor insists that it was error to admit the testimony of Judge Walker. We do not agree.

In common-law, proof of a person's habit is admissible to prove that a person acted in conformity with that habit on a particular occasion. Tennessee authority is in accord with this view. *State v. Elder*, 697 S.W.2d 359 (Tenn.Crim.App.1985); *Cable v. Russell*, 2 Tenn.Crim.App. 363, 454 S.W.2d 163 (1969). *See also* N. Cohen, D. Paine & S. Sheppeard, Tennessee Law of Evidence, § 406.2 (2d ed. 1990). This common-law rule is now codified in Tennessee Rules of Evidence 406(a).

In cases where the record is unavailable or inadequate, extrinsic evidence may be introduced to establish that the guilty plea was intelligently and voluntarily entered. *Dunn v. Simmons*, 877 F.2d 1275 (6th Cir.1989).

In any event, the decision to admit or exclude evidence is left to the discretion of the trial judge and his decision will not be disturbed unless it is arbitrarily exercised. *State v. Baker*, 785 S.W.2d 132 (Tenn.Crim.App.1989); *State v. Hawk*, 688 S.W.2d 467 (Tenn.Crim.App.1985). Under these circumstances, we find no arbitrariness in the trial judge's decision to admit Judge Walker's testimony. Concomitantly, we find no abuse of discretion in admitting the transcripts of three unrelated guilty plea proceedings conducted by Judge Walker. Albeit they do not directly concern Taylor's case, they are relevant to Judge Walker's testimony.

In further efforts to refute Taylor's testimony, the state next offered the testimony of Patrick Martin, who had represented Taylor when the pleas were entered. Taylor objected to Martin's proposed testimony, arguing that such testimony would violate the attorney-client privilege. The trial judge, nevertheless, permitted Martin to testify on the issue of whether Taylor's pleas were voluntarily entered. In our view, this ruling was correct.

The right to keep a privileged communication between attorney and client secret is waived when a client first divulges the very communication he seeks to protect. *Cooper v. United States*, 5 F.2d 824 (6th Cir.1925). Here, Taylor waived the benefit of the privilege by executing a petition for acceptance of a guilty plea in which he averred that his attorney discussed with

him the nature of the charges and his rights pertaining thereto. Consequently, inasmuch as the testimony in question was limited to the issue of whether Taylor voluntarily entered a guilty plea, Taylor cannot suppress it as a confidential communication. There is no abuse of discretion in the admission of this testimony.

## V

 For his final contention, Taylor says that he was not effectively assisted by counsel during the habitual criminal phase of his trial held January 30, 1985.

The standard for determining whether an accused received the effective assistance of counsel is provided by the case of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975), which requires that the services rendered or the advice given be within the range of competence demanded of attorneys in criminal cases. Additionally, the case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), imposes a two-pronged requirement upon he who asserts ineffective assistance of counsel. The first is that counsel's performance must have been deficient. In this regard, counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Strickland* at 689, 104 S.Ct. at 2065.

The second prong of *Strickland* requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Turning to the case under submission, the specific charge is that counsel should have cross-examined to correct the testimony of a state's witness who misstated one of Taylor's prior convictions as burglary instead of attempt to commit a felony.

Taylor has not satisfied either of the *Strickland* requirements.

We presume that counsel had a reason for not clarifying the testimony. But from the looks of things, it would have made no difference what the disputed conviction entailed, since Taylor at that time had been convicted of more than the requisite number of convictions for habitual criminal status.

 Allegations of ineffective assistance of counsel relating to matters of trial strategy or tactics do not provide a basis for post-conviction relief. Counsel has some discretion in conducting the defense and is entitled to use his best judgment in matters of trial strategy or tactics. *See McBee v. State*, 655 S.W.2d 191 (Tenn.Crim.App. 1983).

We find no reversible error and must therefore affirm the judgment of the trial court.

SUMMERS, J., and JAMES C. BEASLEY, Special Judge, concur.