IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 9, 2004 Session

## STEVEN GASS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-53004      J.S. Daniel, Judge**

**No. M2003-01079-CCA-R3-PC - Filed June 25, 2004**

The petitioner, Steven Gass, was convicted by a jury in the Rutherford County Circuit Court of rape of a child, aggravated sexual battery, and attempted rape of a child.  The petitioner received a total effective sentence of thirty-two years incarceration in the Tennessee Department of Correction. Subsequently, the petitioner filed a petition for post-conviction relief, citing several instances of ineffective assistance of counsel.  After a hearing, the post-conviction court denied the petition, and the petitioner timely appealed.  Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Jerry Scott, Murfreesboro, Tennessee, for the appellant, Steven Gass.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Senior Counsel; William C. Whitesell, Jr., District Attorney General; and Paul Holcombe, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The petitioner's convictions stem from instances of inappropriate sexual contact with his girlfriend's daughter.  The victim was six years old at the time of the offenses.[1]  After his convictions were affirmed on direct appeal, the petitioner, acting pro se, filed a petition for post-conviction relief,

---

[1] This court's opinion on direct appeal affirming the petitioner's convictions contains a complete recitation of the facts underlying the petitioner's convictions.  See State v. Steve Gass, No. M2000-02008-CCA-R3-CD, 2002 WL 29477, at **1-3 (Tenn. Crim. App. at Nashville, Jan. 9, 2002).

claiming that he received the ineffective assistance of counsel. The post-conviction court appointed counsel to represent the petitioner and scheduled an evidentiary hearing.

At the post-conviction hearing, the petitioner testified regarding multiple allegations of ineffective assistance.[2] As his main complaint, the petitioner claimed that counsel was ineffective in failing to conduct a rigorous cross-examination of the child victim. Specifically, the petitioner testified that "[c]ounsel never, never questioned the victim concerning any of the allegations against me whatsoever. I think he asked her a couple of questions about is your mother in the courtroom and have you been able to see her the whole time while you were testifying."

In response to the petitioner's allegations, the petitioner's trial counsel testified at the post-conviction hearing that in order to elicit testimony from the child victim on direct examination, the State was forced to ask mainly leading questions. Counsel objected to the leading questions. As a result of his objections, counsel perceived that he was alienating the jury by attacking the child victim. Accordingly, after careful consideration, he decided to pursue a strategy which would hopefully demonstrate that the child victim had been "fed" her testimony. Consequently, counsel questioned the child victim about with whom she discussed the events that resulted in the charges. Additionally, counsel noted that the child victim's trial testimony was substantially less damaging than her previous statements to police. Therefore, counsel wished to proceed carefully on cross-examination so as not to "open the door" to the State's admission of the child victim's prior consistent statements.

At the conclusion of the post-conviction hearing, the post-conviction court denied the petitioner's claim for relief. The court determined that counsel made a strategic decision to limit his cross-examination of the child victim to questions regarding with whom she discussed her trial testimony. The court found that such strategy was not deficient performance. Additionally, the court found that the petitioner failed to prove prejudice. On appeal, the petitioner contests this ruling.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2003). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings

---

[2] On appeal, the petitioner's sole complaint of ineffective assistance relates to counsel's cross-examination of the victim. Therefore, we will limit our recitation of the facts to the evidence adduced pertinent to that single allegation.

of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

On appeal, the petitioner's sole allegation of ineffective assistance of counsel is the degree of cross-examination of the child victim. At the post-conviction hearing, counsel explained that he limited his cross-examination to questions regarding the discussions the child victim had with various authority figures concerning her testimony. Counsel stated that this questioning was an effort to demonstrate that the child victim's testimony had been influenced by other people. Additionally, counsel stated that his limited cross-examination performed another function. It limited the questions that the State could ask the child victim on redirect and prevented the State from presenting the child victim's more damaging prior consistent statements.

This court has previously noted that "cross-examination is a strategic and tactical decision of trial counsel which is not to be measured by hindsight." State v. Kerley, 820 S.W.2d 753, 756 (Tenn. Crim. App. 1991). Moreover, "[a]llegations of ineffective assistance of counsel relating to matters of trial strategy or tactics do not provide a basis for post-conviction relief." Taylor v. State, 814 S.W.2d 374, 378 (Tenn. Crim. App. 1991). Further, we "acknowledge the unique difficulty of cross-examining a child at trial, especially concerning the sensitive issue of sexual abuse." Jimmy Greene v. State, No. E2000-00426-CCA-R3-PC, 2001 WL 237343, at *10 (Tenn. Crim. App. at Knoxville, Mar. 6, 2001). We conclude that the evidence does not preponderate against the trial court's finding that counsel made a strategic decision to conduct a limited cross-examination of the child victim. As this decision appears based upon adequate preparation, we will not utilize hindsight to examine the wisdom of this strategy. The petitioner has failed to meet his burden of proving by clear and convincing evidence that he received the ineffective assistance of counsel.

### III.  Conclusion

Finding no error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE