IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2015

## DALLAS JAY STEWART v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 2014-CR-5      Robert Crigler, Judge**

---

**No. M2014-01682-CCA-R3-PC – Filed May 5, 2016**

---

The Petitioner, Dallas Jay Stewart, appeals from the denial of his petition seeking post-conviction relief from his convictions of rape of a child, aggravated sexual battery, and exhibition of harmful material to a minor.  On appeal, the Petitioner contends that the post-conviction court erred by finding that trial counsel was not ineffective by failing to object to testimony that the Petitioner took a polygraph test and by "opening the door" to evidence of an uncharged allegation that the Petitioner committed a sexual offense in Williamson County.  The Petitioner further contends that the post-conviction court erred by refusing to grant a continuance to allow the Petitioner additional time to prepare for the post-conviction hearing.  Upon review, we affirm the judgment of the post-conviction court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

James R. Smith, Murfreesboro, Tennessee, for the Appellant, Dallas Jay Stewart.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Robert J. Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## I.  Factual Background

The Petitioner was convicted by a jury in the Marshall County Circuit Court of nine counts of rape of a child, fourteen counts of aggravated sexual battery, and one count of exhibition of harmful material to a minor. State v. Dallas Jay Stewart, No. M2011-01994-CCA-R3-CD, 2013 WL 3820992, at *1 (Tenn. Crim. App. at Nashville, July 22, 2013). The offenses involved two young girls, eleven-year-old M.A. and nine-year-old A.G.[1] Id. at *1-2. The trial court imposed sentences of twenty-five years for each rape of a child conviction, twelve years for each aggravated sexual battery conviction, and eleven months and twenty-nine-days for the exhibition of harmful material to a minor conviction. Id. at *1. "The court imposed the sentences for each victim concurrently but consecutively as to the victims separately, for an effective fifty-year sentence." Id. at *41. On appeal, this court merged the aggravated sexual battery convictions into the rape of a child convictions and affirmed all other convictions. Id. at *1.

Thereafter, the Petitioner filed a pro se petition for post-conviction relief, raising multiple complaints of ineffective assistance of counsel. Among the complaints, the Petitioner alleged that trial counsel was ineffective by failing to object to testimony that the Petitioner took a polygraph test and by "opening the door" to evidence of an allegation that the Petitioner had committed a sexual offense in Williamson County.[2]

The Petitioner's trial counsel was the only witness the Petitioner called to testify at the post-conviction hearing. Trial counsel stated that he represented the Petitioner in the trial court but not on appeal. Counsel was licensed to practice law in October 1983. For the previous fifteen years, approximately ninety percent of his practice had been devoted to criminal defense work. Trial counsel said that he had been involved in over 100 criminal trials. He believed he "provided adequate representation" to the Petitioner at trial.

Trial counsel acknowledged he did not object when the State mentioned that the Petitioner had taken a polygraph test. Counsel explained that the State did not try to admit the results of the test. Counsel wanted the jury to know that the Petitioner was interviewed by the police for approximately six and one-half hours and that immediately afterward, approximately three hours were spent preparing him for the polygraph test. The Petitioner was then subjected to the polygraph test, and, during the post-test interview, he gave a statement admitting his involvement in the crimes. Trial counsel said that if the results of the test had been admitted, he would have considered adducing

_____

[1] It is the policy of this court to refer to minor victims of sexual crimes by their initials.

[2] The Petitioner raised numerous complaints of ineffective assistance in the post-conviction court but limited his issues on appeal. Therefore, we will limit our recitation of the facts to those relating to the Petitioner's allegations.

proof that a person with Tourette's Syndrome, such as the Petitioner, might receive different results on a polygraph test than someone without the condition.

Trial counsel recalled that at some point after the Marshall County proceedings were initated against the Petitioner, an investigation of other allegations began in Williamson County. The Petitioner passed either a polygraph test or a voice stress analysis test in Williamson County, but counsel could not recall which test the Petitioner took. Trial counsel had several conversations with the Petitioner regarding the Williamson County test. The Petitioner was adamant that "he wanted everybody to know that he had taken a lie detector test or voice stress analysis test up there [in Williamson County] and passed it. So that was proof that he didn't do that up there. That was just a false accusation that had been made against him." Counsel recalled that the Williamson County allegations were mentioned at trial, but counsel could not recall how it was mentioned.

Counsel acknowledged that he never obtained copies of the test results from Williamson County. Trial counsel said that if the Petitioner said he wanted the results of the Williamson County test admitted at trial, counsel would have told him that the test results were not admissible in the Marshall County case.

In summary, trial counsel said:

> [N]ot only did [the Petitioner] receive effective assistance, if I had done each and every one of the things that he asked, or you are even implying that he asked, . . . if I had done every bit of that, every bit of it, he would still have been convicted. Not any of those things, not all of those things, would have made any difference in the outcome of this case.

The State chose not to cross-examine trial counsel and instead called him to testify during its proof. Regarding the polygraph test, counsel stated that he did not object because he wanted to provide the jury with an explanation why the Petitioner confessed if he did not commit the crimes. Trial counsel described the Petitioner's statement as "god-awful, worst I've ever had confession, digitally clear as a bell, . . . describing in detail for 35 minutes what he did to these two little girls." Accordingly, counsel tried to "paint this six hours and 48 minutes . . . as some type of a gruelling grilling by these detectives," which resulted in the Petitioner's confession. In response to trial counsel's tactic, the State introduced evidence of exactly what transpired during the more than six hours prior to the confession, which included the preparation for and taking of the polygraph test. Trial counsel said, "it was worth running the risk that the test – the fact that the test had been given, let it be mentioned, to try to emphasize how long he was there being questioned before we have a final finished result, which is what the jury is hearing." Trial

counsel said that the Petitioner did not express any displeasure about trial counsel's cross-examination of the detective whose testimony led to the revelation that the Petitioner took a polygraph test.

Trial counsel acknowledged that he asked some questions about the Williamson County allegations as a trial strategy in order to suggest to the jury that those allegations were false and that the Marshall County charges were also false.

Following the hearing, the post-conviction court issued an order denying the petition. The court held that the Petitioner had failed to prove that counsel's representation was deficient or that the alleged deficiencies prejudiced the Petitioner. On appeal, the Petitioner challenges the ruling of the post-conviction court.

## **II. Analysis**

Initially, we note that the State asserts the Petitioner's appeal should be dismissed because the notice of appeal was not filed within thirty days of the final judgment in the trial court. Tenn. R. App. P. 4(a). However, this court may waive the timely filing of the notice of appeal in the interest of justice. Id.

In the instant case, the order denying post-conviction relief was filed on July 24, 2014. The State notes that the Petitioner's notice of appeal was not filed until August 28, 2014, beyond the thirty-day time limit. The Petitioner did not respond to the State's claim.[3] Nevertheless, in the interest of justice, we will address the petitioner's concerns.

To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact.

---

[3] We remind counsel that his failure to respond to the State's claim could have resulted in the dismissal of the Petitioner's case. Without the benefit of a response or oral argument explaining why the notice of appeal was untimely, we question whether counsel read the State's brief.

See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

First, we will address the Petitioner's complaints regarding the ineffectiveness of trial counsel. The post-conviction court accredited trial counsel's testimony that he made a strategic decision not to object to the testimony that the Petitioner had taken a polygraph test. The court also noted that a jury could have found that the Petitioner's voluntarily agreeing to take a polygraph test was an indication of his innocence. Regarding the admission of evidence concerning the allegations in Williamson County, the post-conviction court agreed that trial counsel "opened the door" to that evidence. The court noted, however, that trial counsel made a strategic decision not to object because trial counsel thought the jury would infer that the Williamson County accusations were false because no charges were brought against the Petitioner in that county.

We agree with the post-conviction court that the Petitioner's complaints of ineffective assistance of counsel relate to strategic decisions made by trial counsel. Trial counsel tried to mitigate the damage of the Petitioner's detailed confession by showing the circumstances leading to it. Moreover, the Petitioner was adamant that the jury hear

about allegations in Williamson County that did not result in charges. This court has stated that, "[w]hen reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics." Irick v. State, 973 S.W.2d 643, 652 (Tenn. Crim. App. 1998). Moreover, "[a]llegations of ineffective assistance of counsel relating to matters of trial strategy or tactics do not provide a basis for post-conviction relief." Taylor v. State, 814 S.W.2d 374, 378 (Tenn. Crim. App. 1991). Therefore, we agree with the post-conviction court that the Petitioner's allegations do not entitle him to post-conviction relief.

Finally, the Petitioner contends that he was prejudiced by the post-conviction court's denial of a continuance. The Petitioner maintains that counsel's "extensive workload" prevented counsel from clarifying, amending, or redacting issues raised in his pro se petition.

The decision whether to grant a continuance rests within the sound discretion of the trial court. See State v. Mann, 959 S.W.2d 503, 524 (Tenn. 1997). The trial court's decision may be reversed only if the trial court abused its discretion and the Petitioner was improperly prejudiced. See State v. Morgan, 825 S.W.2d 113, 117 (Tenn. Crim. App. 1991). A Petitioner is improperly prejudiced by the denial of a motion for continuance when "a different result might reasonably have been reached if the continuance had been granted." Id.

The record reveals that the Petitioner filed his pro se petition for post-conviction relief on February 3, 2014. On February 20, 2014, the post-conviction court appointed counsel to represent the Petitioner. That same day, retained counsel filed a Notice of Appearance on the Petitioner's behalf. On March 5, 2014, the post-conviction court filed an order relieving appointed counsel and substituting retained counsel as the Petitioner's counsel of record.

On March 5, 2014, the post-conviction court filed a scheduling order that stated retained counsel should file an amended petition by March 24, 2014, and that the State had ten days from that date to file a responsive pleading. The order set June 6, 2014, as the date for the evidentiary hearing. Although no amended petition was filed, the State filed a response to the pro se petition on April 8, 2014.

On May 29, 2014, retained counsel filed a motion to continue, in which he alleged that he was unable to file an amended petition by the scheduled deadline. Counsel stated that he had difficulty communicating with the Petitioner and listed several matters that the Petitioner wanted investigated. Counsel conceded that some of the Petitioner's requests might not be necessary.

Hearings were held on the motion for continuance on May 30, 2014, and on June 4, 2014. Thereafter, the post-conviction court filed an order, denying the request for a continuance. The post-conviction court cited Tennessee Code Annotated section 40-30-109, which provides in relevant part that a court should hold an evidentiary hearing within four months of the entry of the court's order setting the hearing, absent any "unforeseeable circumstances render a continuance a manifest necessity." The post-conviction court found that post-conviction counsel had failed to allege any circumstances that would make a continuance a manifest necessity. Nevertheless, the post-conviction court rescheduled the hearing to June 24, 2014. We conclude that the post-conviction court did not abuse its discretion. Accordingly, the Petitioner is not entitled to relief on this basis.

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE