FILED

05/07/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 14, 2017

## ANTONIO L. FREEMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County**
**No. 149-2016          Dee David Gay, Judge**

———————————————————————

### No. M2017-00036-CCA-R3-PC

———————————————————————

The Petitioner, Antonio L. Freeman, appeals the Sumner County Criminal Court's denial of his petition for post-conviction relief from his conviction of possessing contraband in a penal facility and resulting sentence of ten years in confinement. On appeal, the Petitioner contends that he received the ineffective assistance of counsel on direct appeal of his conviction. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Christopher V. Boiano, Hendersonville, Tennessee, for the appellant, Antonio L. Freeman.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Lytle Anthony James, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In July 2010, the Petitioner was being housed in the Sumner County Jail while awaiting trial in another case. During a search of his cell on July 9, officers found Xanax and Soma pills hidden in a package of Ramen Noodles. In November 2010, the Sumner County Grand Jury indicted the Petitioner for one count of possessing contraband in a penal facility, a Class C felony. The trial court appointed counsel, and trial counsel filed two motions to recuse:  one before trial and one before the Petitioner's sentencing

hearing. Both motions alleged that recusal was necessary because the Petitioner had named the trial judge as a defendant in two, pro se federal civil lawsuits. State v. Antonio Freeman, No. M2012-02691-CCA-10B-CD, 2013 WL 160664, at *1 (Tenn. Crim. App. at Nashville, Jan. 15, 2013). The trial court denied the motions. A Sumner County Criminal Court Jury convicted the Petitioner as charged, and the trial court sentenced him as a Range II, multiple offender to ten years in confinement.

Trial counsel filed a motion for new trial. Trial counsel later filed a motion to withdraw when he learned that the Petitioner wanted to include the ineffective assistance of trial counsel in the motion for new trial. The trial court granted the motion to withdraw, and newly-appointed counsel (hereinafter "appellate counsel") filed a third motion to recuse. In addition to the Petitioner's claim that recusal of the trial judge was necessary due to the federal civil lawsuits, appellate counsel alleged that recusal was necessary because the trial judge was the prosecutor in a criminal case against the Petitioner in 1999. Id. Again, the trial judge denied the motion. Id. The Petitioner filed an interlocutory appeal to this court, and this court affirmed the trial court's denial of the third motion to recuse. Id. at *4-5. Subsequently, appellate counsel filed an amended motion for new trial. That same day, the trial court held a hearing on the Petitioner's motion for new trial and amended motion for new trial and denied the motions.

On direct appeal of his conviction to this court, the Petitioner raised various issues, including that he received the ineffective assistance of counsel at trial and that "nine issues required the trial judge to recuse himself and that the cumulative effect of [those] issues also required recusal." State v. Antonio Lamont Freeman, No. M2013-01813-CCA-R3-CD, 2014 WL 5307461, at *11 (Tenn. Crim. App. at Nashville, Oct. 16, 2014), perm. app. denied, (Tenn. Feb. 12, 2015). This court affirmed the Petitioner's conviction. In finding that the Petitioner was not entitled to relief on the recusal issue, this court explained as follows:

> In this court's opinion on the defendant's interlocutory appeal, we held that the filing of a federal lawsuit against a judge and a judge's former role as a prosecutor did not require the judge to recuse himself from the case. State v. Antonio Freeman, 2013 WL 160664, at *4-5. Because this court decided issues one through four and six on the merits, the defendant may not raise them again on direct appeal. The defendant also contends that the trial court questioned appellate counsel regarding the motive and purpose of the filing of the motion to recuse during parts one and two of the motion, doing so in part one "in a tone that was elevated." However, the defendant knew of these grounds for recusal

prior to filing his interlocutory appeal; thus, the grounds should have been raised in the interlocutory appeal. Id. at *4 (stating that a failure to include known grounds for recusal results in waiver).

The defendant claims that the post-trial Facebook postings of Officers Gilley and Lewis created the appearance of partiality and bias that required the trial judge to recuse himself; however, the defendant cites to neither the record nor any authority to support his contention. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Accordingly, this issue is waived.

The defendant's sole remaining issue is the court's statement during the motion for new trial that it ejected the defendant from the courtroom [during the trial] due to the previous filings of pro se motions and his conduct in prior hearings. Specifically, he contends that the trial court introduced documents and transcripts from prior proceedings that were not relevant and that indicated that the court investigated and prepared discovery evidence. Because we concluded that the introduction of these documents was proper and did not constitute an independent investigation on the part of the court, we also conclude that these actions did not demonstrate bias toward the defendant that required the judge to recuse himself. The defendant is entitled to no relief as to this issue.

Id.

After our supreme court denied the Petitioner's application for permission to appeal, the Petitioner filed a pro se petition for post-conviction relief claiming, in pertinent part, that he received the ineffective assistance of appellate counsel because appellate counsel failed to preserve and raise certain issues on direct appeal. The post-conviction court appointed counsel, and post-conviction counsel did not file an amended petition.

At the evidentiary hearing, the Petitioner testified that appellate counsel began representing him during the motion for new trial. She also represented him on direct

appeal of his conviction but did not include all the issues he wanted her to raise. The Petitioner said that during a discussion with appellate counsel, she "made a comment" that caused him to think she "wasn't putting her all into it." Appellant counsel told the Petitioner, "Well, Mr. Freeman, I got to live in this town so I can't just file all these things that you want." The Petitioner filed the petition for post-conviction relief based on counsel's failure to include those issues on direct appeal.

Relevant to this appeal, the Petitioner testified that he had three jury trials prior to his trial in this case and that the juries acquitted him in two of those trials. The Petitioner wanted to present proof of those acquittals at his trial in this case. However, the State filed a "ring of the bell" motion[1], arguing that the trials and acquittals were not relevant. The trial court agreed with the State. The Petitioner said appellate counsel should have raised the issue on direct appeal of his conviction because "I didn't get to exercise my 6th Amendment Right like I had wanted, to tell the whole truth and nothing but the truth." He said that if the jury had heard about the acquittals, then "the jury would have been like, maybe he's not this bad person."

The Petitioner testified that appellate counsel also should have properly preserved issues on direct appeal regarding the trial court's refusal to recuse. Addressing the post-conviction court directly, the Petitioner stated,

> I felt like . . . we had a history all the way from 1999. There was an accusation you made in court when my mother was going through the drug stuff, you know what I'm saying. She lied and had me arrested one day, and you made an accusation at a sentencing hearing, "Anybody that touches their mother is a person that don't need to be in society; and if I was the judge, I would give you 100 years and raise your bond to a million dollars and throw away the key."
>
> I feel like, instead of as a juvenile or teenager, you know, trying to find out or assist them with any type of help, you know, whatever, I felt like my first time ever being in trouble, you wanted to give me 100 years and raise my bond to a million dollars because of my momma got a substance

---

[1]Before trial, the State filed a motion requesting that the trial court make pretrial rulings on the relevance of evidence the Petitioner wanted to present at trial, including that the Petitioner had been tried and acquitted in two previous jury trials. The State argued in the motion that "defining parameters of the proof prior to trial is in the interest of judicial economy and prevents the parties from 'ringing the bell' on contested issues before the jury."

abuse problem and made a fabricated statement because I wouldn't give her no money to go get her drugs.

Appellate counsel testified for the State that the trial court appointed her to represent the Petitioner after trial counsel filed the Petitioner's motion for new trial. Appellate counsel filed the Petitioner's third motion to recuse. The trial court denied the motion and gave appellate counsel the option to file an interlocutory appeal, which she did. However, this court denied the Petitioner relief. Appellate counsel amended the Petitioner's motion for new trial and represented him at the hearing on the motion. The trial court denied the Petitioner's motion and amended motion for new trial.

Appellate counsel testified that she discussed the Petitioner's direct appeal of his conviction with him and that their consultations were "rather extensive." She said that they had several conference calls and that she made sure he understood why she was raising some issues on appeal but not others. She stated that she had to "narrow" the issues for the appellate brief and that she could not address an issue on appeal if the trial record did not contain information about the issue. Appellate counsel described the Petitioner as "a delightful young man" and said she was committed to making sure he received a fair trial and a fair disposition of his case. Regarding her failure to preserve recusal issues for direct appeal, she stated, "So in my investigation, as I stated to him, my appeal -- the last appeal that I did included the issues with recusal, everything where I, in essence, had to attack [the trial judge]. So even with that, my motion for new trial, everything is inclusive and had to be narrowed." She acknowledged that she chose the issues to raise on direct appeal "based on [her] judgment as an attorney." She said that the Petitioner was "very aware" of every issue she was going to raise and that she told him on numerous occasions, "I am the lawyer, and he is the client." She said that if the Petitioner disagreed with her, "this is the first time that I've known of it."

On cross-examination, appellate counsel acknowledged that she talked with the Petitioner about the State's "ring of the bell" motion. However, she did not think the issue was raised in the Petitioner's motion for new trial. Therefore, she could not raise it on direct appeal. She said, though, that even if the issue was properly preserved for direct appeal, her decision not to raise the issue was "[t]actical strategy again." She further stated, "I had to narrow the issues. I had to use whatever that was in the record. That's what I did." As to her failure to preserve recusal issues properly for direct appeal, she stated that she thought she "hit" all the recusal issues in the third motion to recuse and the interlocutory appeal. She presented all of the recusal issues on direct appeal that she thought warranted a new trial.

Upon being questioned by the trial court, appellate counsel testified that she became licensed to practice law in 2009 and that she practiced criminal, family, and some

administrative law. The trial court appointed appellate counsel to represent the Petitioner in March 2012. At that time, she had been practicing law about two years. She said that she had concerns about the Petitioner's "well being mentally" and that she encouraged him to get counseling "because he had been through a lot." She said she thought they had a good working relationship. The Petitioner wrote her letters often and telephoned her on a regular basis, and she collaborated with counsel in the Petitioner's civil case. Appellate counsel said she tried to "micromanage" the Petitioner because he would file pro se pleadings even though he was represented by counsel, and she acknowledged that she had to "streamline" the issues she raised on direct appeal. She said that although the Petitioner may not have liked everything she told him, he agreed with her and trusted her decisions.

At the conclusion of the evidentiary hearing, the post-conviction court orally denied the petition for post-conviction relief. At the outset, the court accredited the testimony of appellate counsel and found that the Petitioner's testimony was "repetitive of many things that have been raised during the course of the motions that took place and the hearing that took place after the trial was conducted." The post-conviction court noted that appellate counsel filed a motion to recuse and that she filed an interlocutory appeal when the trial court denied the motion. She then raised the recusal issue again in the motion for new trial and on direct appeal. Regarding her not raising the "ring of the bell" motion on direct appeal, the post-conviction court said that it was "extremely impressed by what she said about good faith and the ethical obligation and rules that must be followed and ethical choices that must be made." The court found that the Petitioner failed to show that appellate counsel was deficient or that he was prejudiced by any deficiency.

## II. Analysis

On appeal, the Petitioner contends that he received the ineffective assistance of counsel because appellate counsel failed to raise on direct appeal of his conviction that the trial court improperly granted the State's relevance motion, which he refers to as the "Ringing of the Bell" motion. He also contends that she properly failed to preserve recusal issues. The State argues that the Petitioner is not entitled to post-conviction relief. We agree with the State.

To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn.

- 6 -

1992)).  Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact.  See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).  Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings.  See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).  We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct.  See Fields, 40 S.W.3d at 458.  However, we will review the post-conviction court's conclusions of law purely de novo.  Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense."  Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases."  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  Generally, [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim.  Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.  Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

As to the State's "Ringing of the Bell" motion, the Petitioner argues that appellate counsel failed to raise the issue on direct appeal because she mistakenly believed the issue was not raised in the motion for new trial.  He argues that because the issue was raised in the motion and amended motion for new trial, "appellate counsel's actions should be looked upon as presumptively prejudicial."  The State asserts that we should not consider this issue because the Petitioner did not introduce his direct appeal record into evidence at the post-conviction hearing or ask this court to take judicial notice of the record; thus, the motion for new trial and amended motion for new trial are not before this court.  The State also argues that regardless, appellate counsel testified that she made strategic decisions on what issues to raise on direct appeal.

The Petitioner did not introduce the motion for new trial or the amended motion for new trial into evidence at the evidentiary hearing. It is the Petitioner's duty to provide an adequate record on appeal. Tenn. R. App. P. 24(a). Moreover, he has not asked us to take judicial notice of the record from his direct appeal of his conviction. Nevertheless, this court may take judicial notice of a direct appeal record when reviewing a post-conviction court's denial of a petition for post-conviction relief. See State ex rel. Wilkerson v. Bomar, 376 S.W.2d 451, 453 (Tenn. 1964). We choose to do so in this case.

Our review of the direct appeal record shows that trial counsel alleged in the motion for new trial that "the Court erred in failing to grant the Defendant's motion to allow into evidence the fact that he was acquitted on both of the charges for which he was incarcerated at the time that he was charged with possession of contraband in the Sumner County Jail." Similarly, appellate counsel alleged in the amended motion for new trial that "[t]he Court erred in granting the State's 'Ringing of the Bell Motion,' in that doing so prevented the Defendant from having a fair trial and thus crippled the defense's case and prevented the Defendant from presenting the whole story to the jury." Thus, appellate counsel was mistaken when she testified at the evidentiary hearing that she did not think the issue was properly preserved for direct appeal. In any event, appellate counsel testified that even if the issue was properly preserved, her decision not to raise it on direct appeal was "[t]actical strategy." This court has stated that "[w]hen reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics." Irick v. State, 973 S.W.2d 643, 652 (Tenn. Crim. App. 1998). Moreover, "[a]llegations of ineffective assistance of counsel relating to matters of trial strategy or tactics do not provide a basis for post-conviction relief." Taylor v. State, 814 S.W.2d 374, 378 (Tenn. Crim. App. 1991).

In any event, even if appellate counsel was deficient for failing to raise the issue on direct appeal, the Petitioner has failed to demonstrate that he was prejudiced by the deficiency. The State argued in its "Ringing of the Bell" motion that the Petitioner's previous acquittals were irrelevant to any issue at his trial for possessing contraband in a penal facility. The Petitioner has failed to make any legal argument as to why the acquittals were relevant and, thus, that the trial court erred by prohibiting him from presenting the evidence to the jury. Furthermore, any contention that the Petitioner's being allowed to present the evidence at trial would have changed the jury's verdict is pure speculation. Thus, he is not entitled to post-conviction relief on this issue.

As to the Petitioner's claim that he received the ineffective assistance of counsel because appellate counsel failed to preserve recusal issues for direct appeal properly, we note that appellate counsel raised nine recusal issues on direct appeal. This court

- 8 -

summarized the nine issues in a footnote of its opinion affirming the Petitioner's conviction, stating as follows:

> The defendant's grounds for recusal are as follows: (1)-(4) the defendant filed a federal lawsuit naming the judge and several of his staff as parties, which gave the appearance of impartiality and bias; (5) the post-trial Facebook postings by Officers Gilley and Lewis indicated impartiality and bias; (6) the trial judge formerly prosecuted the defendant; (7) during the first part of the third motion for recusal hearing, the trial court questioned appellate counsel's filing of the motion, and the court used an inappropriate tone of voice; (8) during the second part of the third motion for recusal hearing, the trial court again questioned appellate counsel's motive for filing the motion; and (9) during the motion for new trial, the trial court stated that he ejected the defendant from the courtroom based upon his prior filing of pro se motions and his conduct at previous hearings, and the court introduced transcripts and documents from prior hearings.

Antonio Lamont Freeman, No. M2013-01813-CCA-R3-CD, 2014 WL 5307461, at *11 n.3. This court held that the Petitioner waived issue five because he failed to cite to the record or any authority to support his claim and waived issues seven and eight because he should have raised them in the interlocutory appeal. Id.

Again, even if appellate counsel was deficient for failing to preserve properly the three recusal issues, the Petitioner has failed to demonstrate that he was prejudiced by the deficiency. The Petitioner has made no argument as to how any of the issues warranted recusal of the trial judge. Accordingly, he has failed to show that he is entitled to relief.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE

- 9 -